UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARK D. BEAVERS,<br><br>                Petitioner,<br><br>v.<br><br>SANDY JONES,<br><br>                Respondent. | Case No. 2:17-cv-00244-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Respondent Sandy Jones' Motion to Dismiss for Lack of Jurisdiction. Dkt. 7. The motion is now fully briefed and ripe for adjudication. Dkts. 9, 10. The Court takes judicial notice of the portions of the underlying record in the state court proceedings submitted by the parties. Having reviewed the record, including the state court record, and having considered the arguments of the parties, the Court enters the following Order.

### REVIEW OF MOTION TO DISMISS

**1.    Background**

On January 30, 2009, in Kootenai County Case No. CR2006-18813, Petitioner was sentenced to a six-year unified prison sentence on Count 1, felony trafficking in marijuana, and a concurrent five-year unified prison sentence on Count 2, felony possession of marijuana with intent to deliver. Petitioner satisfied the sentence for Count

1 on November 17, 2013, and for Count 2 on November 17, 2012. Dkt. 7-2, Ann Greenwalt Aff., Appendix 1, p. 2.

On June 5, 2017, over three years after having completed his last sentence in Kootenai County Case No. CR2006-18813, Petitioner filed his Petition for Writ of Habeas Corpus in the instant action to challenge his convictions arising from that case. Respondent filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction, arguing that Petitioner was no longer "in custody" on these convictions at the time he filed his federal Petition. Dkt. 7.

After Respondent filed the Motion to Dismiss, Petitioner asserted that, because the convictions in Kootenai County Case No. CR2006-18813 were used to enhance the sentence in *another* criminal drug trafficking case for which he is currently serving a twelve-year sentence, Kootenai County Case No. CR2007-27416, jurisdiction lies. Dkt. 9. The longer, enhanced sentence in the new case were ordered to run concurrently, not consecutively, to the shorter sentences in the prior case.

*All* of the sentences described above are contained within a single judgment of conviction. Dkt. 7-3, pp. 3-4. Petitioner is now out of prison on parole for the twelve-year sentence.

2.  **Standard of Law**

When a petitioner's compliance with threshold procedural requirements is at issue, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989). Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it

MEMORANDUM DECISION AND ORDER - 2

plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

The threshold showing a § 2254 petitioner must make is that he is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). If a petitioner cannot make that showing, no subject matter jurisdiction lies for the federal court to hear his petition.

The United States Supreme Court has addressed this issue several times. In *Maleng v. Cook*, 490 U.S. 488 (1989), the Court held that "the respondent was not 'in custody' on his 1958 conviction merely because that conviction had been used to enhance a subsequent sentence." *Id*. at 492. But if the petition challenged the later enhanced sentence or its underlying conviction, jurisdiction was proper for the latter sentence or conviction. *Id*. at 493-94.

In *Lackawanna County District Attorney v. Coss*, 532 U.S. 394 (2001), the United States Supreme Court reiterated that a challenge to a prior expired conviction is not cognizable once the petitioner is no longer in custody for that conviction, notwithstanding the fact that the prior conviction was used to enhance a sentence on a conviction for which the petitioner *was* in custody at the time the petition was filed. *See id.* at 402. However, the Court recognized an exception to that rule—where a federal habeas petitioner can demonstrate that his current state sentence was enhanced on the basis of a prior state conviction that was obtained without counsel in violation of the Sixth Amendment. *Id*., pp. 402-08.

3. **Discussion**

Respondent brings a straightforward and correct argument based on *Coss*. In that case, the Court relied on *Cook*, *supra*, in which the Court held that the prisoner was not "in custody" on a prior conviction merely because it had been used to enhance a subsequent sentence." *Coss*, 532 U.S. at 401-02 (citing *Cook*, 490 U.S. at 492). Following *Cook*, the Court reasoned: "Similarly, Coss is no longer serving the sentences imposed pursuant to his 1986 convictions, and therefore cannot bring a federal habeas petition directed *solely* at those convictions." 532 U.S. at 401-02 (emphasis added).[1]

There are no allegations that Petitioner's convictions or sentences were obtained without him having the aid of counsel, such that the exception set forth in *Coss* would apply. In fact, on the judgment of conviction, the mailing certificate shows that a copy was mailed to Petitioner's counsel of record, "Defense Attorney Staci L. Anderson." Dkt. 7-3, p. 6.

Petitioner's argument that he is now on parole on his twelve-year sentence is inapplicable to the narrow issue at hand. If Petitioner had been ordered to serve his sentence consecutively, rather than concurrently, jurisdiction would lie. *See* Footnote 1. Or if Petitioner were challenging his twelve-year sentence, jurisdiction would lie. In fact, Petitioner *is* maintaining a separate habeas corpus action in this Court on that conviction and sentence, Case No. 1:16-cv-00026-DCN, *Beavers v. Little*. Because the instant action

---

[1] The same is not true of consecutive sentences. "We view consecutive sentences in the aggregate, not as discrete segments," observed the Court in *Garlotte v. Fordice*, 515 U.S. 39, 47 (1995). In that case, the Court held that a petitioner who is serving consecutive state sentences is "in custody" and may attack the sentence scheduled to run first, even after it has expired, until all sentences have been served.

MEMORANDUM DECISION AND ORDER - 4

challenges *only* the already-served five- and six-year sentences (obtained in an action for which Petitioner was represented by counsel) *and* those sentences were served prior to the filing of the Petition in this action, the Petition is subject to dismissal for lack of jurisdiction.

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Dismissal for Lack of Jurisdiction (Dkt. 7) is GRANTED.

2. The Petition for Writ of Habeas Corpus (Dkt. 1) and this entire action are DISMISSED with prejudice.

3. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner files a timely notice of appeal, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the United States Court of Appeals for the Ninth Circuit. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: September 27, 2018

David C. Nye
U.S. District Court Judge